IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL LANDMARK LOGISTICS LLC, also d/b/a UBS TRStar Systems, LLC,<br><br>NATIONAL LANDMARK SERVICE OF UNITED RECOVERY LLC,<br><br>LIBERTY SOLUTIONS & ASSOCIATES, LLC,<br><br>LSA PROCESSING SYSTEM, LLC,<br><br>SILVERLAKE LANDMARK RECOVERY GROUP, LLC,<br><br>JEAN CELLENT, a/k/a Jean-Pierre Cellent, in his individual and corporate capacity,<br><br>JAMES DENNISON, in his individual and corporate capacity, and<br><br>ERIC DENNISON, in his individual and corporate capacity,<br><br>    Defendants. | Civil Action No.<br><br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants'

1

acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692-1692p, in connection with Defendants' deceptive and abusive debt collection practices, including attempts to harass consumers into paying debts that they do not actually owe.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), and (c)(2), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces the FDCPA, 15 U.S.C. §§ 1692-1692p, which prohibits abusive, deceptive, and unfair debt collection practices and imposes duties upon debt collectors.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the FDCPA and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 57(b), and 1692*l*.

## DEFENDANTS

6. Defendant **National Landmark Logistics LLC** ("National Landmark") is a South Carolina limited liability company with its principal place of business at 1015 Charlotte Avenue, Suite 123, Rock Hill, South Carolina. National Landmark also does business as UBS TRStar

Systems, LLC.  At all times material to this Complaint, acting alone or in concert with others, National Landmark has engaged in the collection or the attempted collection of debts from consumers throughout the United States.  National Landmark transacts or has transacted business in this District and throughout the United States.

7. Defendant **National Landmark Service of United Recovery LLC** ("United Recovery") is an Ohio limited liability company with its principal place of business at 2203 Deerfield Road, Fort Mill, South Carolina.  At all times material to this Complaint, acting alone or in concert with others, United Recovery has engaged in the collection or the attempted collection of debts from consumers throughout the United States.  United Recovery transacts or has transacted business in this District and throughout the United States.

8. Defendant **Liberty Solutions & Associates, LLC** ("Liberty Solutions") is a South Carolina limited liability company with its principal place of business at 1646 West Highway 160, Suite 8149, Fort Mill, South Carolina.  At all times material to this Complaint, acting alone or in concert with others, Liberty Solutions has engaged in the collection or the attempted collection of debts from consumers throughout the United States.  Liberty Solutions transacts or has transacted business in this District and throughout the United States.

9. Defendant **LSA Processing System, LLC** ("LSA Processing") is a South Carolina limited liability company with its principal place of business at 1974 Carolina Place, Fort Mill, South Carolina.  At all times material to this Complaint, acting alone or in concert with others, LSA Processing has engaged in the collection or the attempted collection of debts from consumers throughout the United States.  LSA Processing transacts or has transacted business in this District and throughout the United States.

10. Defendant **Silverlake Landmark Recovery Group, LLC** ("Silverlake") is a South Carolina limited liability company with its principal place of business at 1735 Heckle Boulevard, Suite 111-259, Rock Hill, South Carolina. At all times material to this Complaint, acting alone or in concert with others, Silverlake has engaged in the collection or the attempted collection of debts from consumers throughout the United States. Silverlake transacts or has transacted business in this District and throughout the United States.

11. Defendant **Jean Cellent**, a/k/a Jean-Pierre Cellent, is or was an owner, officer, director, or manager of National Landmark and United Recovery. He is an authorized signatory on many of Defendants' bank accounts. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant Jean Cellent resides in this District and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

12. Defendant **James Dennison** is or was an owner, officer, director, or manager of LSA Processing. He is an authorized signatory on its bank accounts. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant James Dennison resides in this District and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

13. Defendant **Eric Dennison** is or was an owner, officer, director, or manager of Liberty Solutions. He is an authorized signatory on its bank accounts. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

Defendant Eric Dennison resides in this District and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

## COMMON ENTERPRISE

14. Defendants National Landmark, United Recovery, Liberty Solutions, LSA Processing, and Silverlake ("Corporate Defendants") have operated as a common enterprise while engaging in the unlawful acts and practices alleged below.  The Corporate Defendants have conducted the business practices described below through an interrelated network of companies that have common ownership, officers, managers, business functions, and employees, and that commingled funds.  Because the Corporate Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below.  Defendants Jean Cellent, James Dennison, and Eric Dennison have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.

## COMMERCE

15. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' DECEPTIVE AND ABUSIVE COLLECTION PRACTICES

16. Since at least January 2012, and continuing thereafter, Defendants have engaged in a scheme to collect and process payments for debts that consumers do not actually owe or that Defendants do not have authority to collect.  Their scheme is predicated on convincing consumers that a lawsuit has been, or will soon be, filed against them and will result in dire consequences unless consumers pay Defendants promptly.

5

17. In furtherance of the scheme, Defendants often use a two-step collection process to lend credence to the misrepresentation that consumers owe them debts and that legal action against consumers has begun or is imminent.

18. In the first step, Defendants initiate robocalls to consumers that consist of prerecorded messages that state consumers will be served with important papers at their home or work, or that consumers are subject to an audit or other proceeding.  The prerecorded messages state that consumers must call another number for more information.

19. In numerous instances, in placing these initial robocalls to consumers, Defendants do not identify that the calls are being placed by or on behalf of Defendants, that the calls are coming from a debt collector who is attempting to collect a debt from consumers, or that any information obtained from consumers will be used for that purpose.

20. In numerous instances, Defendants have initiated similar initial robocalls on behalf of the defendants in *FTC v. Absolute Financial Services LLC, et al.* (complaint filed concurrently in this District).

21. The second step of Defendants' collection process generally occurs when consumers call the telephone numbers that Defendants provide in the initial robocalls and are connected with collectors whose job is to secure consumers' payments for Defendants.

22. In numerous instances, Defendants' collectors who answer consumers' calls falsely represent that they are representatives of a law firm or a mediation company.  For example, Defendants' collectors have identified themselves as Tristar Mediation, Tristar Legal Services, Tristar Attorneys at Law, and Statewide Legal Attorneys.

23. In numerous instances, Defendants' collectors inform consumers that they are delinquent on a credit card debt or other debt and that legal action will be taken shortly against the

consumer. For example, Defendants have told consumers that they will be taken to court. In numerous instances, Defendants' collectors advise consumers that they can avoid legal action by making a payment over the telephone via the consumer's credit or debit card.

24. In some instances, Defendants' collectors possess, or claim to possess, consumers' private information, such as Social Security numbers, credit card or bank account numbers, or names and contact information of relatives, convincing consumers that the calls are legitimate collection efforts and that consumers must pay the purportedly delinquent debts.

25. In numerous instances, Defendants have provided to the defendants in *FTC v. Absolute Financial Services LLC, et al.* (complaint filed concurrently in this District) consumers' private information through the provision of portfolios of purported debt and/or skip tracing services.

26. In numerous instances, to coerce consumers into paying the purported debts, Defendants' collectors threaten consumers with arrest if they fail to pay the alleged debt immediately. For example, Defendants have told consumers that they would be arrested or that the consumers had committed credit card fraud.

27. In fact, in numerous instances when Defendants threaten consumers with legal action, no legal action has been taken, Defendants do not intend to take any such legal action, nor do Defendants have authority to take any such legal action. Defendants also cannot have consumers arrested for non-payment of a private debt. Further, Defendants are not a law firm.

28. Moreover, in numerous instances, consumers do not owe the purported debt or Defendants are not authorized to collect on the debt. In fact, in many instances when consumers contact

the purported creditors, they discover either that they never had any debts with those creditors or that their debts had already been paid.

29. In numerous instances, in subsequent communications with consumers, Defendants' collectors fail to disclose that they are debt collectors.

30. In numerous instances, Defendants fail to provide consumers, either orally in their initial communication with the consumer or in writing within five days after the initial oral communication, a notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer disputes the debt, the debt will be assumed valid; (4) a statement that if the consumer disputes all or part of the debt in writing within 30 days, Defendants will obtain verification of the debt and mail it to the consumer; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the name and address of the original creditor, if different from the current creditor.

31. Many consumers pay the alleged debts that Defendants purport to be collecting because they are afraid of the threatened repercussions of failing to pay, because they believe Defendants are legitimate and are collecting real delinquent debt, or because they want to stop the harassment. Generally, consumers make these payments using a credit card, debit card, or electronic transfer from their bank account.

32. Since at least 2016, Defendants have collected over $12 million from consumers through their unlawful debt collection scheme.

**Ongoing Nature of Defendants' Unlawful Practices**

33. Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendants are violating or are about to violate laws enforced by the FTC.

## VIOLATIONS OF THE FTC ACT

34. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

35. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### COUNT I
### False or Unsubstantiated Representations That Consumers Owe Debts

36. In numerous instances, in connection with the collection of alleged debts, Defendants represent, directly or indirectly, expressly or by implication, that:

    (a)     The consumer is delinquent on a credit card or other debt that Defendants have the authority to collect; or

    (b)     The consumer has a legal obligation to pay Defendants.

37. In numerous instances, the representations set forth in Paragraph 36 are false or misleading or were not substantiated at the time the representations were made.

38. Therefore, the making of the representations as set forth in Paragraph 36 of this Complaint constitutes a deceptive act or practice, in or affecting commerce in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT II
### False or Misleading Representations Regarding Legal Action

39. In numerous instances, in connection with the collection of alleged debts, Defendants represent, directly or indirectly, expressly or by implication, that:

    (a)     Defendants are a law firm;

    (b)     The consumer will be arrested or imprisoned for failing to pay Defendants; and

  (c) Defendants have taken, intend to take, or have authority to take formal legal action against a consumer who fails to pay, such as filing suit.

40. In truth and in fact, in numerous instances in which Defendants make the representations set forth in Paragraph 39 of this Complaint:

  (a) Defendants are not a law firm;

  (b) The consumer will not be arrested or imprisoned for failing to pay Defendants; and

  (c) Defendants have not taken, do not intend to take, or do not have authority to take formal legal action against a consumer who fails to pay, such as filing suit.

41. Therefore, Defendants' representations as set forth in Paragraph 39 of this Complaint are false or misleading and constitute deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FDCPA

42. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. The purpose of the FDCPA, according to Congress, is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

43. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), defines "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt."

44. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), defines "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the

money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

45. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6), defines "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts; (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties; (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt; (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the

11

liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor."

46. Defendants are "debt collectors" collecting "debts" from "consumers."

47. Section 806 of the FDCPA, 15 U.S.C. § 1692d, prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of Section 806 of the FDCPA: placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(6).

48. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of Section 807 of the FDCPA: (1) the false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); (2) the false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); (3) the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, 15 U.S.C. § 1692e(4); (4) the threat to take

12

any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); (5) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); (6) the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action, 15 U.S.C. § 1692e(11); and (7) the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.  15 U.S.C. § 1692e(14).

49. Section 809 of the FDCPA, 15 U.S.C. 15 U.S.C. § 1692g, requires that, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day

period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

50. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), a violation of the FDCPA is deemed an unfair or deceptive act or practice in violation of the FTC Act. Section 814(a) of the FDCPA further provides that all of the functions and power of the FTC under the FTC Act are available to the FTC to enforce compliance by any person with the FDCPA, including the power to enforce the provisions of the FDCPA in the same manner as if the violation had been a violation of an FTC trade regulation rule.

## COUNT III
### Abusive Collection Practices

51. In numerous instances, in connection with the collection of debts, Defendants engage in conduct the natural consequence of which is to harass, oppress, or abuse consumers, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to, by placing telephone calls without meaningful disclosure of the caller's identity, in violation of Section 806(6) of the FDCPA, 15 U.S.C. § 1692d(6).

## COUNT IV
### False or Misleading Representations

52. In numerous instances, in connection with the collection of debts, Defendants use false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

    (a) Falsely representing the character, amount, or legal status of any debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A);

(b) Falsely representing or implying that any individual representative is an attorney or that any communication is from an attorney, in violation of Section 807(3) of the FDCPA, 15 U.S.C. § 1692e(3);

(c) Falsely representing or implying that nonpayment of a debt will result in the arrest or imprisonment of a person, when such action is not lawful or when the Defendants have no intention of taking such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

(d) Threatening to take action that is not lawful or the Defendants do not intend to take, such as filing a lawsuit, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5);

(e) Using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10);

(f) Failing to disclose (1) in the initial oral communication with consumers that Defendants are debt collectors attempting to collect a debt and that any information obtained by Defendants from consumers will be used for the purpose of attempting to collect a debt and (2) in subsequent communications with consumers that Defendants are debt collectors, in violation of Section 807(11) of the FDCPA, 15 U.S.C. § 1692e(11); and

(g) Using any business, company, or organization name other than the true name of Defendants' business, company, or organization, in violation of Section 807(14) of the FDCPA, 15 U.S.C. § 1692e(14).

## COUNT V
## Failure to Provide a Validation Notice

53. In numerous instances, in connection with the collection of debts, Defendants fail to send consumers, within five days after the initial communication with consumers, a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants; (4) a statement that if the consumer notifies Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by Defendants; and (5) a statement that, upon the consumer's written request within the thirty-day period, Defendants will provide the consumer with the name and address of the original creditor, if different from the current creditor, in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

## CONSUMER INJURY

54. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the FDCPA. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

55. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction,

may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

56. Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FDCPA, including the rescission or reformation of contracts, and the refund of money.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), and the Court's own equitable powers, requests that the Court:

A.  Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, an order freezing assets, immediate access to business premises, and appointment of a receiver;

B.  Enter a permanent injunction to prevent future violations of the FTC Act and the FDCPA by Defendants;

C.  Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and the FDCPA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

    D.    Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

| | |
|---|---|
| Dated:  July 13, 2020 | Respectfully submitted, |//

ALDEN F. ABBOTT
General Counsel

GREGORY A. ASHE
MARGUERITE L. MOELLER
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2905 (Moeller)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, mmoeller@ftc.gov

PETER M. MCCOY, JR.
United States Attorney


*/s/ Johanna C. Valenzuela*
JOHANNA C. VALENZUELA (#11130)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Telephone: 803-929-3122
Facsimile: 803-254-2912
Email: Johanna.Valenzuela@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION